Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, | No. CV06-1116JLR |
| Plaintiff, | MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY |
| v. | NOTE ON MOTION CALENDAR: September 1, 2006 |
| JOHN DOES 1-20 d/b/a/ "Testking", | |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Microsoft Corporation ("Microsoft") requests leave to conduct discovery necessary to identify and locate defendant John Does 1-20 in this action. Defendants, whose identities are presently unknown to Microsoft, are engaged in a massive and multifaceted copyright infringement scheme, illegally selling Microsoft's copyrighted and secret Certification Exam questions and answers. Microsoft has filed the instant action seeking injunctive relief and damages pursuant to the Copyright Act 17 U.S.C. §101, *et seq.*

Defendants have gone to substantial lengths to hide their identities. They have spread their operation over a variety of websites, registering the domain names for those sites anonymously or with a variety of different "identities" of individuals who may be real or

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 1
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

fictional. Microsoft seeks leave to issue subpoenas to third parties third parties who are likely to have information about defendants' identities and operations so that Microsoft can name and serve defendants.

## II.     FACTS

### A.     Microsoft's Certification Programs and Certification Exams.

Microsoft is in the business of, among other things, certifying the competency of individuals engaged in various fields of the information technology industry (hereinafter, "Certification Programs"). Complaint, ¶7. The purpose of Microsoft's Certification Programs are: (1) to set an industry wide, worldwide recognized standard of basic competency levels in various fields of the information technology industry; (2) to maximize efficiency in recruiting, hiring, training, and promoting employees; (3) to help fill the needs of today's information technology workforce by providing individuals with skills in demand; (4) to provide industry educators with the standards necessary to prepare individuals to meet the job skills of today. Id., ¶8.

Microsoft's Certification Programs rely on a series of Microsoft Certification Exams that test candidates' technical proficiency in various areas of information technology. In order to become certified under any of Microsoft's Certification Programs, a candidate must pass the required Certification Exam(s). Id., ¶9.

Microsoft protects its Certification Exams by requiring its certified professionals to agree to a Non-Disclosure Agreement. Id., ¶10. Students who pass the necessary Certification Exams are eligible to designate themselves as Microsoft Certified Professionals, or "MCPs". Id. Before an individual may use the MCP designation, he or she must agree to the Microsoft Certified Professional Program Agreement (MCPPA), which identifies the Certification Exams as Microsoft's trade secrets and prohibits, among other things, unauthorized disclosure or distribution of Certification Exam materials. Id. The non-

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 2
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

disclosure portion of the MCPPA is attached to Microsoft's Complaint as Exhibit A and incorporated herein by reference.

Microsoft has also acted to protect its Certification Exams by utilizing a secure procedure to register its copyrights in its various Certification Exams. Microsoft's applications comply with the requirements of the Copyright Act (17 U.S.C. §101, *et seq*.). Id., ¶11.

### B. Defendants' Unlawful Reproduction and Distribution of Microsoft's Certification Exams.

Defendants operate an Internet website at the domain name "<testking.com>." Through this site, defendants purport to sell "preparation materials" to help students prepare for Microsoft Certification Exams. See Declaration of David Bateman in Support of Microsoft's Motion for Third Party Discovery ("Bateman Decl."), Ex. 1. Microsoft has alleged that the materials defendants sell through their website are actually questions and answers that are the same or substantially identical to the questions and answers that comprise Microsoft's copyrighted Certification Exams. Complaint, ¶¶ 14-15. Microsoft has alleged that defendants have been and are currently engaged in the systematic and unlawful reproduction and distribution of at least fifty-five (55) Microsoft Certification Exams via <testking.com>. Id., ¶15, Appendix A.

Defendants brag that <testking.com> is "known as the King of Certification on the net." See Bateman Decl., Ex. 2. The <testking.com> website is indeed one of the most popular certification exam preparation sites on the Internet. A MSN search for the terms "Testking" and "Microsoft" returns more than 95,000 results. Id., Ex. 3.

### C. Defendants' Efforts to Conceal Their Identities.

Defendants have taken steps to conceal their identities. The current publicly-available whois record for <testking.com> contains no information about defendants. Rather, the whois

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 3
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  record demonstrates that defendants have purchased a privacy protection service from Enom
2  (the registrar <testking.com>) to make the true registrant of <testking.com> unavailable
3  through public records. See Bateman Decl., Ex. 4. Defendants have also kept their
4  registration record for <testking.com> in constant flux. The whois database has recorded 267
5  whois record changes for <testking.com> since May 31, 2003. Id. Presently, there is no
6  publicly available information that can confirm the identities of the individuals who own and
7  operate <testking.com>.

**D.      Defendants' Network of Certification Websites.**

Defendants have not limited their infringement to <testking.com>. To date, Microsoft has identified twenty-nine (29) certification websites that it suspects are owned and/or operated by defendants. The home pages and whois records for these sites are attached to the Bateman Decl., as Exhibits 5-34. Review of these exhibits reveals a substantial number of similarities among the various sites, including:

- Use of Enom as the registrar or sponsoring registrar for all of the sites;
- Use of Enom's privacy protection to obscure the identity of the registrant for all of the sites;
- Use of Enom's DNS services for all but one of the sites;
- Use of a small number of common hosts and hosting on adjacent IP addresses;
- Use of similar domain names;
- Similar look and feel across many of the sites

Based on these similarities as well as other more specific connections between small numbers of the thirty-one sites, Microsoft believes that defendants' infringement scheme extends to all of the websites Microsoft has identified to date, and possibly others Microsoft has not yet identified. However, defendants' use of privacy protection and different websites prevents Microsoft from determining how many defendants are involved in the scheme, and

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 4
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

also prevents Microsoft from determining defendants' identities based on publicly available information.

### III.   ARGUMENT

Microsoft seeks leave to conduct limited discovery to determine defendants' identities so that Microsoft can name and serve them in this suit. The Ninth Circuit permits discovery to determine the identity of unknown defendants. "Where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (relying on *Gillespie* in reversing district court's dismissal of Doe complaint).

In *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court suggested a four-part framework for a party's motion for leave to conduct discovery against Doe defendants. *Id.* at 578. The *Seescandy.com* framework requires that the moving party: (1) identify the Doe defendants with enough specificity to allow the Court to determine whether the defendants are real persons or entities who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served. *Id*. at 578-79. Microsoft's request for leave to conduct third party discovery meets that test.

**A.   Defendants Are Real Persons or Entities.**

Under *Seescandy.com*, Microsoft must first identify the defendant with specificity sufficient to establish that the defendant is a real person or entity who could be sued in federal court. *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express*

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 5
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). There is no doubt that defendants in this case are real individuals. Defendants have created and maintain an extensive network of websites through which they transact business selling Microsoft's certification exams. Microsoft can identify defendants by sending subpoenas to third parties, including the web hosts, domain registrars, Internet Service Providers, payment processors, and e-mail service providers they have used to create and maintain their websites. Defendants are subject to suit in federal court because they have violated the federal copyright statute.

**B.    Microsoft Has Taken Substantial Steps to Locate the Defendants.**

The second *Seescandy.com* requirement is that Microsoft "identify all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 579 (citing *Plant v. Does*, 19 F.Supp.2d 1316 (S.D. Fla. 1998). Microsoft has undertaken an extensive and diligent search of public records to identify defendants. As noted above, Microsoft has reviewed the whois records for <testking.com> as well as the other certification websites it has identified that appear to be owned or operated by defendants. However, defendants' use of privacy protection has prevented Microsoft from confirming defendants' identities based on publicly available information.

**C.    Microsoft's Action Can Withstand a Motion to Dismiss.**

The third *Seescandy.com* factor requires Microsoft to establish that its action against the defendants can withstand a motion to dismiss. *Seescandy.com*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). More specifically, "plaintiffs must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id.*

Microsoft's complaint in this case could withstand a motion to dismiss. Microsoft has alleged that defendants have unlawfully reproduced and distributed Microsoft's copyrighted

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 6
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

certification exams in violation of federal law. Microsoft's allegations satisfy the requirement of Federal Rule of Civil Procedure 8, and would not be subject to dismissal.

### D. Microsoft's Proposed Discovery Will Likely Lead to Identifying Information about Defendants.

The final *Seescandy.com* factor requires Microsoft to support its request for discovery with reasons justifying the specific discovery requested, as well as identification of a limited number of persons or entities on whom discovery process might be served. 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). Microsoft must show that "there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.*

Microsoft will use third party discovery to identify the defendants who operate <testking.com> and its related websites. Microsoft will also use third party discovery to determine whether any of the certification websites that currently appear to be related to <testking.com> are actually operated by individuals who are not involved with <testking.com>. Microsoft proposes to conduct limited discovery of third parties, including web hosts, domain registrars, Internet Service Providers, payment processors, and e-mail service providers to identify the operators of <testking.com> and to confirm the connection between <testking.com> and the other certification websites discussed above. Microsoft proposes to send subpoenas to these third parties requesting information about the defendants' identities and transactions with the third parties.

Microsoft acknowledges the possibility that production from its first round of subpoenas may reveal additional third parties with information necessary to identify defendants. Therefore, Microsoft also requests authority to issue follow-up subpoenas, if necessary, on the leads provided by the subpoenaed parties.

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 7
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1   Microsoft anticipates that the production it receives in response to its subpoenas will
2   enable it to confirm the total number of defendants involved in the scheme, as well as their
3   identities and the extent of their scheme.  Microsoft also expects that this production will
4   reveal the various ways in which defendants have sought to hide their involvement in these
5   websites.  Assuming timely responses to its subpoenas, Microsoft expects to complete its Doe
6   discovery and identify defendants in 120 days.

DATED this 15th day of August, 2006.

s/ David A. Bateman
David A. Bateman, WSBA # 14262
Attorneys for Plaintiff Microsoft Corporation
PRESTON GATES ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104
Phone:  (206) 623-7580
Fax:  (206) 623-7022
E-mail:  dbateman@prestongates.com

MOTION FOR LEAVE TO CONDUCT
THIRD PARTY DISCOVERY - 8
Case No. . CV06-1116JLR

K:\00103\02908\CTV\CTV_P20LP

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022