Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>SHAHZAD SHAHNAWAZ, an individual; OVE LUNDBERG, an individual; CERTIFICATION TRENDZ, LTD., a foreign corporation; and JOHN DOES 4-20, d/b/a "Testking",<br><br>                  Defendants. | No. 2:06-cv-01116-JLR<br><br>MOTION FOR ORDER TO SHOW CAUSE WHY ORDER OF CIVIL CONTEMPT SHOULD NOT BE ENTERED AGAINST DEFENDANTS<br><br>NOTE ON MOTION CALENDAR: November 19, 2010 |

## I.    INTRODUCTION

Plaintiff Microsoft Corporation ("Microsoft") respectfully moves for an order requiring defendants Shahzad Shahnawaz ("Shahnawaz") and Certification Trendz, Ltd. d/b/a "Testking" (Shahnawaz and Certification Trendz collectively, the "Testking Defendants") to appear and show cause why they should not be held in contempt for violating this Court's prior order permanently enjoining them from, *inter alia*, infringing or assisting others in infringing Microsoft's copyrights.[1] *See* Order Granting Permanent

---

[1] Microsoft does not move for an order to show cause against defendant Ove Lundberg.

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   Injunction against Defendants ("Permanent Injunction").  For the Court's convenience, a

2   true copy of the Permanent Injunction (Dkt. #42) is attached hereto as Exhibit A.

3        Microsoft seeks this relief on the grounds that the Testking Defendants continue to

4   engage in the unauthorized copying and distribution of Microsoft's secure, copyrighted

5   Certification Exam questions and answers, which allows test-takers to cheat on their exams

6   by "studying" the actual exam questions and answers before taking their exams at secure,

7   authorized testing centers.  The Testking Defendants have engaged in this conduct in willful

8   and deliberate violation of the Permanent Injunction entered by this Court on April 5, 2007.

9   That order unambiguously enjoins the Testking Defendants from using actual Microsoft

10  Certification Exam questions and answers in any of the defendants' "test preparation

11  materials" and from infringing Microsoft's copyrights and trademarks, or aiding or abetting

12  any other persons in these acts.  *See* Ex. A, Permanent Injunction at ¶¶ 1(a)-(d).

13       Microsoft has assembled clear and convincing evidence of the Testking Defendants'

14  violations.  That evidence includes multiple "practice exams" offered for sale on the

15  Testking Defendants' websites.  These "practice exams" were obtained and analyzed by

16  Microsoft, and determined to be infringing.  *See generally* Declaration of Mariona Thoma

17  in Support of Microsoft's Motion to Show Cause ("Thoma Decl.") and Sandi Resnick in

18  Support of Microsoft's Motion to Show Cause ("Resnick Decl.").  In each of the practice

19  exams analyzed by Microsoft, the Testking Defendants' questions and answers consisted of

20  predominantly either (1) exact copies of the corresponding copyrighted Microsoft

21  Certification Exam questions and answers, or (2) substantially similar versions of those

22  questions and answers with only minor, non-material changes.  Notably, this is the very

23  same conduct that the Testking Defendants were engaged in, which required Microsoft to

24  file the original Complaint, and ultimately led the Court to issue the Permanent Injunction

25  in the first instance.

26

MOTION FOR ORDER TO SHOW CAUSE
2:06-cv-01116-JLR – Page 2

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

## II.   STATEMENT OF FACTS

Microsoft is the creator, developer, author, and sole owner of numerous copyrighted materials used to certify the competency of individuals engaged in various fields of the Information Technology ("IT") industry (hereinafter, the "Certification Programs"). Thoma Decl. ¶ 5.  The purpose of Microsoft's Certification Programs are: (1) to set an industry-wide, worldwide recognized standard for basic competency levels in various fields of the IT industry; (2) to maximize efficiency in recruiting, hiring, training, and promoting employees; (3) to help fill the needs of today's IT workforce by providing individuals with skills in demand; and (4) to provide industry educators with the standards necessary to prepare individuals to meet the job skills of today.  *Id.*

To become certified under any of Microsoft's various Certification Programs, a candidate must pass the required Certification Exam(s).  *Id.* ¶ 6.  Microsoft publishes Certification Exams with respect to the following Certification Programs: (1) Microsoft Certified Technology Associate (MTA); (2) Microsoft Certified Technical Specialist (MCTS); (3) Microsoft Certified IT Professional (MCITP); (4) Microsoft Certified Professional Developer (MCPD); (5) Microsoft Certified Master (MCM); (6) Microsoft Certified Architect (MCA); (7) Microsoft Certified Desktop Support Technician (MCDST); (8)  Microsoft Certified Systems Administrator (MCSA); (9) Microsoft Certified Systems Engineer (MCSE); (10) Microsoft Certified Application Developer (MCAD); (11) Microsoft Certified Solution Developer (MCSD); (12) Microsoft Certified Database Administrator (MCDBA); (13) Microsoft Office Specialist (MOS); (14) Microsoft Certified Trainer (MCT); (15) Microsoft Certified Professional (MCP); and (16) Microsoft Certified Learning Consultant (MCLC).  *Id.*  All of the exams relating to these Certification Programs are protected under United States copyright law.  *Id.* ¶ 20.

Shahnawaz is  a resident of Pakistan, and is the owner and operator of the Internet domain name <testking.com> and currently owns or effectively controls numerous

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

additional related domain names, including many of those identified in Appendix A to the original Complaint (Dkt. # 1).  At those domains, the Testking Defendants operate websites that are directly involved in the unlawful copying and distribution of Microsoft's copyrighted works.

Certification Trendz is a United Kingdom company.  Microsoft is informed and believes that Certification Trendz is wholly owned and operated by Shahnawaz, and is simply a shell corporation through which Shahnawaz processes payments for his illegal products and transfers funds to Pakistan.  Certification Trendz purports to be the owner of some of the domain names identified in Appendix A to the original Complaint, and purports to be the operator of the websites associated with those domain names.

The Testking Defendants own, operate, manage, and/or control many of the Internet domain names identified in Appendix A to the original Complaint (collectively, the "Testking Domains").  Through the Testking Domains, the Testking Defendants offer for sale "training materials" designed to prepare certification candidates to successfully pass Microsoft Certification Exams.  *Id.* ¶ 10.  The most prominent and well-known of the Testking Defendants' websites is www.testking.com.  The Testking Defendants further operate an affiliates program, whereby websites owned and controlled by third parties are able to receive a commission from the sale of Testking's tests when they successfully direct customers to Testking's websites for purchases (the "Testking Affiliate Program" or "TAP").  *See, e.g.*, http://affiliate.testking.com/.

Microsoft originally sued the Testking Defendants in the United States District Court for the Western District of Washington in August 2006, seeking recovery for violations of, among other things, the Copyright Act, 17 U.S.C. § 101, *et seq.*, as a result of the Testking's unlawful copying and distribution of copyrighted material appearing on Microsoft's Certification Exams, which had been misappropriated from unknown sources.

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

The Certification Exams are confidential, and securely filed. [2]  Thoma Decl. ¶ 7.   However, the Testking Defendants somehow misappropriated the exams from unknown sources and were distributing actual questions and answers as self-proclaimed "study guides."  *Id.* ¶¶ 11-19; Resnick Decl. ¶ 5.

The parties settled the case settled prior to trial, and, as part of the settlement, this Court entered an order granting Microsoft a permanent injunction enjoining the Testking Defendants, and others working for or associated with them, from infringing Microsoft's copyrights and trademarks.  The Permanent Injunction unambiguously enjoins the Testking Defendants from engaging in the unauthorized copying and distribution of Microsoft's secure, copyrighted Certification Exam questions and answers, as well as in any conduct constituting infringement of Microsoft's copyrights and trademarks.   Specifically, the Testking Defendants, and others employed by or associated with them, are permanently enjoined and restrained from:

     a.     registering for or subscribing to any Microsoft Certification Programs in the future;

     b.     copying, using, marketing, selling, distributing, publishing, reproducing, disseminating, offering or otherwise transferring in any way any actual Microsoft Certification Exam, or any portion thereof;

     c.     infringing any of Microsoft's intellectual property rights to its Certification Exams, including but not limited to, by directly or indirectly owning or operating any Internet website at which infringing materials are sold or made available or by knowingly aiding or abetting infringement by others of Microsoft's intellectual property rights to its Certification Exams;

     d.     infringing any of Microsoft's Registered Trademarks, Servicemarks, or Copyrights or knowingly aiding or abetting infringement by others of Microsoft's Registered Trademarks, Servicemarks, or Copyrights.

Permanent Injunction ¶ 1.

---

[2] Due to the high sensitivity of the Certification Exams, and accordingly secure and confidential treatment of those exams, Microsoft has not submitted copies of the exams with this motion.  Microsoft will submit copies of such exams, and the Testking Defendants' copied versions of those exams, for *in camera* review by the Court upon the Court's request.

MOTION FOR ORDER TO SHOW CAUSE
2:06-cv-01116-JLR – Page 5

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

Since the effective date the Permanent Injunction, the Testking Defendants have continued to engage in the unauthorized copying and distribution of Microsoft's Certification Exam questions and answers.  In September 2008, Microsoft obtained Testking's MB2-632 "practice exam" and conducted a side-by-side comparison of a sampling of 50 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual MB2-632 exam[3].  All 50 were exact matches for both questions and answers.  As set forth herein, the Testking Defendants have repeatedly violated the Permanent Injunction, including but not limited to the following documented infringements:

(1)     In December 2009, Microsoft obtained four "practice exams" from the Testking Defendants' websites and conducted comparisons with the corresponding questions and answers contained in Microsoft's actual, copyrighted Certification Exams. Resnick Decl. ¶ 5.  Microsoft found the following:

a.     Testking's 70-622.  Microsoft conducted a side-by-side comparison of a sampling of 68 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-622 exam.  66 of the 68 were substantially similar to the questions and answer choices from Microsoft's actual 70-622 exam.  Of the remaining two sets of questions and answers, one had a substantially similar question with different answers, and one did not match.  Id. ¶ 5(a)

b.     Testking's 70-443.  Microsoft conducted a side-by-side comparison of a sampling of 26 sets of questions and answers from Testking's product to the corresponding questions and answers from Microsoft's actual, copyrighted 70-443 exam.  Sixteen were exact matches for both questions and answers, seven had substantially similar questions and exact answers, one pair was an exact question with a substantially similar answer, and the remaining two were substantially similar questions and answers.  Id. ¶ 5(b).

c.     Testking's 70-431.  Microsoft conducted a side-by-side comparison of  a sampling of 26 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-431 exam.  Eleven were substantially similar to both the questions and answers, four

---

[3] Microsoft's MB2-632 Certification Exam was not yet copyrighted in September 2008.  Microsoft's application for the copyright registration is currently pending.

MOTION FOR ORDER TO SHOW CAUSE
2:06-cv-01116-JLR – Page 6

were exact matches for both questions and answers, four had substantially similar questions and exact answers, and seven did not match. *Id.* ¶ 5(c).

d.      Testking's 70-620.  Microsoft conducted a side-by-side comparison of a sampling of 26 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-620 exam.  Sixteen were substantially similar to the questions and answer choices from Microsoft's actual 70-620 exam, and ten did not match. *Id.* ¶ 5(d).

(2)      In March 2010, Microsoft obtained six "practice exams" from the Testking Defendants' websites and conducted comparisons with the corresponding questions and answers contained in Microsoft's actual, copyrighted Certification Exams.  Thoma Decl. ¶¶ 11-17.  Microsoft found the following:

a.      Testking's 70-290.  Microsoft conducted a side-by-side comparison of a sampling of eight sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-290 exam.  Each of the eight sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-290 exam. *Id.* ¶ 11.

b.      Testking's 70-291.  Microsoft conducted a side-by-side comparison of a sample of ten sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-291 exam.  All ten sets of questions were substantially similar to the questions from Microsoft's actual 70-291 exam, and eight answers were substantially similar to the answer choices from Microsoft's actual 70-291 exam.  The two remaining answers were exact matches to the answers from Microsoft's actually 70-291 exam. *Id.* ¶ 12.

c.      Testking's 70-294.  Microsoft conducted a side-by-side comparison of a sampling of five sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-294 exam.  Each of the five sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-294 exam. *Id.* ¶ 13.

d.      Testking's 70-293.  Microsoft conducted a side-by-side comparison of a sampling of 20 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-293 exam.  Each of the 20 sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-293 exam. *Id.* ¶ 14.

e.      Testking's 70-270.  Microsoft conducted a side-by-side comparison of a sampling of 20 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-270 exam.   Testking's product was comprised not only of substantially similar questions and answer choices, but also many substantial similar questions and exact answer choices.  Specifically, of the 20 sets of questions and answers compared, all 20 of

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

the questions were substantially similar to Microsoft's exam, 17 of the answers were the exact answers from the Microsoft exam, and the remaining three answers were substantially similar to the Microsoft exam.  *Id.* ¶ 15.

      f.     <u>Testking's 70-236</u>.  Microsoft conducted a side-by-side comparison of a sampling of 20 sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-236 exam.  Each of the 20 questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-236 exam.  *Id.* ¶ 16.

      g.     <u>Testking's 70-431</u>.  Microsoft conducted a side-by-side comparison of a sampling of five sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-431 exam.  Each of the five sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-431 exam.  *Id.* ¶ 17.

      (3)     In April 2010, Microsoft obtained one "practice exam" from the Testking Defendants' websites and conducted comparisons with the corresponding questions and answers contained in Microsoft's actual, copyrighted Certification Exam.  *Id.* ¶ 18. Microsoft found the following:

      a.     <u>Testking's 70-528</u>.  Microsoft conducted a side-by-side comparison of a sampling of five sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-528 exam.  Each of the five sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-528 exam.  *Id.*

      (4)     In May 2010, Microsoft obtained one "practice exam" from the Testking Defendants' websites and conducted comparisons with the corresponding questions and answers contained in Microsoft's actual, copyrighted Certification Exam.  *Id.*¶ 19. Microsoft found the following:

      a.     <u>Testking's 70-620</u>.   Microsoft conducted a side-by-side comparison of a sampling of nine sets of questions and answers from Testking's product with the corresponding questions and answers from Microsoft's actual, copyrighted 70-620 exam.  Each of the nine sets of questions and answers analyzed were substantially similar to the questions and answer choices from Microsoft's actual 70-620 exam.  *Id.*

YARMUTH  WILSDON  CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

### III.   ARGUMENT

**A.   Civil Contempt.**

This Court has "inherent power to find a party in contempt" and may "determine whether to impose compulsory and compensatory sanctions against an individual or entity found to be in contempt." *Mission Capital Works, Inc. v. SC Restaurants, Inc.*, No. C-07-1807-JLR, 2008 WL 5100313, at *4 (W.D. Wash. Dec. 3, 2008) (citing *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980)).  The procedure for civil contempt it to set an order to show cause hearing to provide the contemnor an opportunity to respond to the allegations of contempt.  *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831-34 (1994).  The party seeking an order of civil contempt must show by clear and convincing evidence that the alleged contemnor violated the Court's order.  *F.T.C. v. Productive Mktg.*, 136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001) (cited in *Mission Capital Works*, 2008 WL 5100313, at *5 n.15).  "Punishment for civil contempt is intended to be either coercive or compensatory." *A.G. Design & Assocs. v. Trainman Lantern Co., Inc.*, No. 07-05158-RBL, 2008 WL 4691527, at *2 (citing *Productive Mktg.*, 136 F. Supp. 2d at 1107).

### 1.   The Permanent Injunction Is a Valid Court Order.

The Permanent Injunction issued by this Court is a valid court order.  As recited in the order, the Permanent Injunction was issued "[b]ased upon the Stipulation of the parties." Permanent Injunction at 1.  Importantly, the Copyright Act specifically authorizes the relief ordered by this Court.  That statute grants the Court authority to issue "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

### 2.   Defendants Had Knowledge of the Permanent Injunction.

The Testking Defendants had actual notice of the Permanent Injunction.  The parties stipulated to the Court's entry of the Permanent Injunction, and it was signed by the Testking Defendants' attorneys.  Additionally, the Permanent Injunction was served upon

YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

the Testking Defendants through their attorneys, who received it by the CM/ECF system. An injunction is binding on those who receive notice of the order. *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 n.6 (9th Cir. 1996).

> **3.     Clear and Convincing Evidence Shows that the Testking Defendants Violated the Permanent Injunction.**

As recounted in detail in the contemporaneously filed declarations and above, the Testking Defendants have disobeyed the terms of the Permanent Injunction by continuing to engage in the same wrongful conduct alleged in the original Complaint, and enjoined in the stipulated Permanent Injunction.  To warrant civil contempt sanctions, disobedience of the court's order need not be willful; rather a court can find a defendant in civil contempt for failing to be reasonably diligent in attempting to comply with the court's order. *Mission Capital Works*, 2008 WL 5100313, at *4 (citing *Asay*, 614 F.2d at 660).  In this case, the record before the Court shows that defendants have engaged in knowing and intentional fraud that demonstrates their ***willful*** violation of the Permanent Injunction.

As described above, the Permanent Injunction enjoins the Testking Defendants from:

> a.     registering for or subscribing to any Microsoft Certification Programs in the future;

> b.     copying, using, marketing, selling, distributing, publishing, reproducing, disseminating, offering or otherwise transferring in any way any actual Microsoft Certification Exam, or any portion thereof;

> c.     infringing any of Microsoft's intellectual property rights to its Certification Exams, including but not limited to, by directly or indirectly owning or operating any Internet website at which infringing materials are sold or made available or by knowingly aiding or abetting infringement by others of Microsoft's intellectual property rights to its Certification Exams;

> d.     infringing any of Microsoft's Registered Trademarks, Servicemarks, or Copyrights or knowingly aiding or abetting infringement by others of Microsoft's Registered Trademarks, Servicemarks, or Copyrights.

Permanent Injunction ¶ 1.

The Testking Defendants have openly violated these terms.  Setting aside, the Testking Defendants' violation of the Copyright Act by infringing upon Microsoft's

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

copyrights in the Certification Exams, the Testking Defendants have violated Paragraph 1(b) of the Permanent Injunction by "copying, using, marketing, selling, distributing, publishing, reproducing, disseminating, offering or otherwise transferring in any way any actual Microsoft Certification Exam, or any portion thereof."

More importantly, the comparison analyses conducted by Microsoft show that the Testking Defendants are actively infringing Microsoft's copyrighted Certification Examinations. *See* Resnick Decl. ¶ 5; Thoma Decl. ¶¶ 11- 21. This conduct violates Microsoft's exclusive rights of reproduction and distribution under the Copyright Act. *See* 17 U.S.C. § 106.

### 4.        Sanctions Should Be Awarded against the Testking Defendants.

This Court has broad discretion in fashioning an appropriate remedy for defendants' violations of the Permanent Injunction. *Asay*, 614 F.2d at 660 (citing *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)).  Available remedies include sanctions against the contemnor to compel obedience with the Court's orders and remedial damages to compensate the plaintiff-victim for injuries resulting from the contemnor's noncompliance. *United States v. Ayers*, 166 F.3d 991, 997 (9th Cir. 1999).  The Court may award the injured party compensatory damages, including costs and attorney's fees, based on proof of such damages by a preponderance of the evidence. *Clear One Commc'n, Inc. v. Chaing*, 670 F. Supp. 2d 1248, 1282 (D. Utah 2009).  Calculating how much defendants have profited from their wrongful conduct depends on facts known to defendants that will have to be established through discovery.  The Court's broad authority includes ordering disgorgement of profits made from the infringing activity. *See Jerry's Famous Deli, Inc. v. Papanicolau*, 283 F.3d 998, 1004 (9th Cir. 2004) (awarding disgorgement of profits as contempt sanction for trademark infringement); *see also* 17 U.S.C. § 504(b) (disgorgement remedy for copyright infringement).  Further, Microsoft should be compensated for harm it has suffered to its goodwill and reputation as a result of defendants' violations.

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    At this stage, Microsoft also seeks an immediate contempt sanction that will prevent

2    further injury to Microsoft.  Accordingly, Microsoft request the Court to issue an order

3    requiring the Testking Defendants to remove all "practice exams" and all other study

4    materials for Microsoft Certification Exams from Testking.com and all of the Tesking

5    domain websites, and all the Testking affiliate websites.  The Testking Defendants have

6    repeatedly demonstrated that they cannot be trusted to comply with this Court's existing

7    Permanent Injunction, so this complete bar is a necessary and appropriate sanction, in

8    addition to disgorgement of profits and Microsoft's attorney's fees and costs incurred in

9    connection with enforcing the Permanent Injunction.  *See Harcourt Brace Jovanovich*

10   *Legal and Prof'l Publ'ns Inc. v. Multistate Legal Studies, Inc*, 26 F.3d 948, 953 (9th Cir.

11   1994) (upholding award of attorney's fees incurred in connection with civil contempt

12   motion).

13   **B.      Request for Order to Show Cause**

14          Microsoft has submitted clear and convincing evidence showing defendants'

15   violations of the Permanent Injunction.  Pursuant to the Court's inherent authority,

16   Microsoft requests that defendants be ordered to show cause why they should not be held in

17   contempt of court.  In connection therewith, Microsoft requests that the Court enjoin any

18   further violation of the Permanent Injunction, and order the Testking Defendants to remove

19   all "practice exams" and all other study materials for Microsoft Certification Exams from

20   Testking.com and all of the Tesking domain websites, and all the Testking affiliate

21   websites.  Microsoft further requests that the Court order expedited discovery on the

22   Testking Defendants' infringement so that Microsoft can undo the harm caused by the

23   Testking Defendants and calculate the damages it has suffered.

24                          **IV.      CONCLUSION**

25          This Court permanently enjoined the Testking defendants from copying Microsoft's

26   Certification Exams.  As the comparisons conducted by Microsoft make plain, defendants

1  have willfully and deliberately violated the Court's Permanent Injunction.  The Testking

2  Defendants' conduct is egregious, has caused significant harm to Microsoft, and warrants a

3  forceful response by this Court.  Pursuant to its inherent authority, this Court should issue

4  an order requiring defendants to show cause why they should not be held in contempt and

5  why the Court should not grant the other relief requested by Microsoft.

6

7          DATED:   October 29, 2010.

8

9                                          **YARMUTH WILSDON CALFO PLLC**

10

11                                         By /s/ *John H. Jamnback*                         
                                           Scott T. Wilsdon, WSBA No. 20608

12                                         John H. Jamnback, WSBA No. 29872
                                           Jeremy E. Roller, WSBA No. 32021

13                                         818 Stewart Street, Suite 1400
                                           Seattle, WA 98101

14                                         Phone: 206.516.3800
                                           Fax: 206.516.3888

15                                         Email: wilsdon@yarmuth.com

16                                                 jjamnback@yarmuth.com
                                                   jroller@yarmuth.com

17                                         Attorneys for Plaintiff Microsoft Corporation

18

19

20

21

22

23

24

25

26

MOTION FOR ORDER TO SHOW CAUSE
2:06-cv-01116-JLR – Page 13

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on this date, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system which will send notification of such

4   filing

5   to:

6   Counsel for Defendants:              Prior Counsel for Microsoft Corporation

7   Michael G. Atkins                    David A. Bateman
    Graham & Dunn PC                     Kirkpatrick & Lockhart Preston Gates Ellis
    2801 Alaskan Way, Suite 300          LLP
8   Seattle, WA 98121-1128               925 Fourth Ave., Suite 2900
    Tel. 206-340-9614                    Seattle, WA 98104-1158
9   Fax 206-340-9599                     Tel. 206-623-7580
    matkins@grahamdunn.com               Fax 206-623-7022
10                                       david.bateman@klgates.com

    T. Monique Jones
11  Robins, Kaplan, Miller & Ciresi LLP
    1875 Eye Street NW, Suite 300
12  Washington, DC 20006
    Tel. 202-736-2703
13  Fax 202-223-8604
    tmjones@rkmc.com
14
    Robert A. Auchter
15  McKool Smith, P.C.
    1700 K Street NW, Suite 740
16  Washington, DC 20006
    Tel. 202-370-8303
17  rauchter@mckoolsmith.com

18

19

20       I declare under penalty of perjury under the laws of the State of Washington that the

21  foregoing is true and correct.

22       Dated this 29th day of October, 2010 at Seattle, Washington.

23

24                                       /s/ Colette Saunders
                                         Colette Saunders
25                                       Legal Assistant

26

425.44 kj291302

MOTION FOR ORDER TO SHOW CAUSE
2:06-cv-01116-JLR – Page 14

YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

# EXHIBIT A

The Honorable James L. Robart

FILED ——— ENTERED
LODGED ——— RECEIVED

APR - 5 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

06-CV-01116-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MICROSOFT CORPORATION, a
Washington Corporation,

                         Plaintiff,

        v.

SHAHZAD SHAHNAWAZ, an individual;
OVE LUNDBERG, an individual;
CERTIFICATION TRENDZ, LTD., a
foreign corporation, and JOHN DOES 4-20
d/b/a/ "Testking,"

                         Defendants.

No. C06-1116JLR

STIPULATED PERMANENT
INJUNCTION

## STIPULATION

Plaintiff Microsoft Corporation ("Microsoft") and defendants Shahzad Shahnawaz,

Ove Lundberg, Certification Trendz, Ltd., respectfully move for, and stipulate to, entry of the

following Order.

DATED this 2nd day of April, 2007.

s/ David A. Bateman
David A. Bateman, WSBA # 14262
Attorneys for Plaintiff
Microsoft Corporation

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158

s/ Michael G. Atkins
Michael G. Atkins, WSBA # 26026
Attorneys for Defendants
Shahzad Shahnawaz, Ove Lundberg and
Certification Trendz, Ltd.

GRAHAM & DUNN PC
Pier 70
2801 Alaskan Way, Suite 300

STIPULATED PERMANENT
INJUNCTION - 1
Case No. C06-1116JLR
K:\0010\20905\DAB\DAB_P23UO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 3900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  Phone: (206) 623-7580
   Fax: (206) 623-7022

2  Email: david.bateman@klgates.com

Seattle, WA 98121-1128
Phone: (206) 340-9614
Fax: (206) 340-9599
Email: matkins@grahamdunn.com

3

4                                    s/ Robert A. Auchter

5                                    Robert A. Auchter, *pro hac vice*
                                     T. Monique Jones, *pro hac vice*
6                                    Attorneys for Defendants
                                     Shahzad Shahnawaz, Ove Lundberg and
7                                    Certification Trendz, Ltd.

8                                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                     1875 Eye Street, N.W.
9                                    Suite 300
                                     Washington, DC 20006
10                                   Phone: (202) 736-2703
                                     Fax: (202) 223-8604
11                                   Email: raauchter@rkmc.com

12                                   **ORDER**

13      Based on the foregoing Stipulation of the parties, it is hereby ORDERED as follows:

14      1.      Pursuant to Civil Rule 65(d), Defendants Shahzad Shahnawaz, Ove Lundberg,

15  Certification Trendz, Ltd., (collectively referred to as "Defendants"), their agents, contractors,

16  employees, affiliated or related companies and entities, assignees, and successors-in-interest,

17  and those in active concert or participation with them, are permanently enjoined from

18  engaging in any of the following activities, and from assisting, aiding, or abetting any other

19  person or entity in engaging in or performing any of the following activities:

20          a.      registering for or subscribing to any Microsoft Certification Programs

21  in the future;

22          b.      copying, using, marketing, selling, distributing, publishing,

23  reproducing, disseminating, offering or otherwise transferring in any way any actual

24  Microsoft Certification Exam, or any portion thereof;

25

26

STIPULATED PERMANENT
INJUNCTION - 2
Case No. C06-1116JLR
K:\00103\02908\DAB\DAB_P23UO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:06-cv-01116-JLR   Document 46   Filed 10/29/10   Page 18 of 24
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/07   Page 3 of 9
Case 2:06-cv-01116-JLR   Document 38   Filed 04/02/2007   Page 3 of 4

c.      infringing any of Microsoft's intellectual property rights to its Certification Exams, including but not limited to, by directly or indirectly owning or operating any Internet website at which infringing materials are sold or made available or by knowingly aiding or abetting infringement by others of Microsoft's intellectual property rights to its Certification Exams;

d.      infringing any of Microsoft's Registered Trademarks, Servicemarks, or Copyrights or knowingly aiding or abetting infringement by others of Microsoft's Registered Trademarks, Servicemarks, or Copyrights.

2.      For a period of three years from entry of this Order, Defendants shall not transfer the domain names listed on the attachment to this Order from their current registrar, Enom, Inc.. Any and all domain name registrars, including but not limited to Enom, Inc., are hereby directed to prevent transfer of those domain names to another domain name registrar during this three year period.

3.      This Court will retain jurisdiction for the purpose of enforcing this Permanent Injunction.

DATED this ___5th___ day of ___April___, 2007.

The Honorable James L. Robart

STIPULATED PERMANENT
INJUNCTION - 3
Case No. C06-1116JLR
K:\001103\02908\DAB\DAB_P23UO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## CERTIFICATE OF SERVICE

2  I hereby certify that on April 2, 2007, I electronically filed the foregoing with the Clerk of the

3  Court using the CM/ECF system which will send notification of such filing to the following:

4          Michael G. Atkins
           Graham & Dunn PC
5          2801 Alaskan Way, Suite 300
           Seattle, WA 98121-1128
6
           Robert A. Auchter
7          T. Monique Jones
           Robins, Kaplan, Miller & Ciresi LLP
8          1875 Eye Street NW, Suite 300
           Washington, DC 20006
9

10

11                                    s/ David A. Bateman
                                      David A. Bateman, WSBA # 14262
12                                    Attorneys for Plaintiff
                                      Microsoft Corporation
13
                                      Kirkpatrick & Lockhart Preston
14                                    Gates Ellis LLP
                                      925 Fourth Ave., Suite 2900
15                                    Seattle, WA 98104-1158
                                      (206) 623-7580
16                                    (206) 623-7022 (Fax)
                                      david.bateman@klgates.com
17

18

19

20

21

22

23

24

25

26

STIPULATED PERMANENT
INJUNCTION - 4
Case No. C06-1116JLR
K:\0010310290B\DAB\DAB_P23UO

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:06-cv-01116-JLR   Document 42   Filed 04/03/2007   Page 2 of 3

The Honorable James L. Robart

1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8 AT SEATTLE

9

10 MICROSOFT CORPORATION, a
Washington corporation,

No. C06-1116JLR

11 Plaintiff,

12 v. PRAECIPE TO ATTACH
DOCUMENT

13 SHAHZAD SHAHNAWAZ, an individual;
OVE LUNDBERG, an individual; [CLERK'S ACTION REQUIRED]
14 CERTIFICATION TRENDZ, LTD., a
foreign corporation, and JOHN DOES 4-20
15 d/b/a/ "Testking,"

16 Defendants.

17

18 TO THE CLERK OF THE COURT:

Plaintiff Microsoft Corporation hereby requests the Clerk to please add the pages
19
submitted herewith as an attachment to the Stipulated Permanent Injunction (Docket No. 38)
20
that was filed on April 2, 2007.
21
DATED this 3rd day of April, 2007.
22

23 KIRKPATRICK & LOCKHART PRESTON GATES
ELLIS LLP

24

25 s/ David A. Bateman
David A. Bateman, WSDA # 14262
26 Attorneys for Plaintiff
Microsoft Corporation

PRAECIPE TO ATTACH DOCUMENT - 1
K:\00103\02906\DAB\DAB_P23UV

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:06-cv-01116-JLR   Document 46   Filed 10/29/10   Page 21 of 24
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/07   Page 6 of 9
Case 2:06-cv-01116-JLR   Document 41   Filed 04/03/2007   Page 2 of 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Phone: (206) 623-7580
Fax: (206) 623-7022
Email: david.bateman@klgates.com

PRAECIPE TO ATTACH DOCUMENT - 2

K:\00103\02908\DAB\DAB_P23UV

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:06-cv-01116-JLR   Document 46   Filed 10/29/10   Page 22 of 24
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/2007   Page 7 of 9
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/2007   Page 3 of 3

# CERTIFICATE OF SERVICE

1

2  I hereby certify that on April 3, 2007, I electronically filed the foregoing with the Clerk of the

3  Court using the CM/ECF system which will send notification of such filing to the following:

4      Michael G. Atkins
       Graham & Dunn PC
5      2801 Alaskan Way, Suite 300
       Seattle, WA 98121-1128
6

7      Robert A. Auchter
       T. Monique Jones
8      Robins, Kaplan, Miller & Ciresi LLP
       1875 Eye Street NW, Suite 300
9      Washington, DC 20006

10                                s/ David A. Bateman
                                  _____
11                                David A. Bateman, WSBA # 14262
                                  Attorneys for Plaintiff
12                                Microsoft Corporation

13                                Kirkpatrick & Lockhart Preston
                                  Gates Ellis LLP
14                                925 Fourth Ave., Suite 2900
                                  Seattle, WA 98104-1158
15                                (206) 623-7580
                                  (206) 623-7022 (Fax)
16                                david.bateman@klgates.com

17

18

19

20

21

22

23

24

25

26

PRAECIPE TO ATTACH DOCUMENT - 3

K:\00103\02908\DAB\DAB_P23UV

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 2:06-cv-01116-JLR   Document 46   Filed 10/29/10   Page 23 of 24
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/07   Page 8 of 9
Case 2:06-cv-01116-JLR   Document 42   Filed 04/05/2007   Page 19 of 2

| Domain |
|---|
| 123cert.com |
| actual-exams.com |
| actualtests.net |
| audioexam.com |
| braindumpcentral.com |
| braindumps.com |
| braindumps.net |
| braindumps-central.com |
| braindumps-paper.com |
| braindumps-search.com |
| braindumps-tutorial.com |
| braindumpsinfo.com |
| braindumpsmail.com |
| ccnatoday.com |
| certguide.com |
| certheaven.com |
| certhq.com |
| certificationheaven.com |
| certification-offer.com |
| certification-online-program.com |
| certification-paper.com |
| certification-portal.com |
| certification-tutorials.com |
| certificationsuccess.com |
| certificationtodaynetwork.com |
| certifyexpress.com |
| certlibrary.com |
| certyourself.com |
| certyourself.net |
| chezjobs.com |
| ciscobraindumps.com |
| cram4exams.com |
| exact-exams.com |
| exactquestions.com |
| examcrams.com |
| exam-sheets.com |
| goweblog.com |
| industrygeeks.com |
| mcdbatoday.com |
| mcsdtoday.com |
| mcsebraindumps.com |
| mcse-certification-braindumps.com |
| mcseguide.com |
| mcsetoday.com |
| microsoft-braindumps.com |
| microsoft-training-exam.com |

| |
|---|
| nerdom.com |
| networkdesigner.net |
| only-braindumps.com |
| only-certification.com |
| perfect-braindumps.com |
| perfectseo.com |
| questions-central.com |
| real-exams.com |
| studyguide-testking.com |
| tech-articles.com |
| tech-resource.org |
| tech-script.com |
| testking.com |
| testking.biz |
| testking.net |
| testkingaudio.com |
| testkinglabs.com |
| testkingstudyguides.com |
| thehostingguru.com |
| tophostslist.com |
| training-test-paper.com |
| true-exams.com |
| zenscripts.com |
| zenseochat.com |