The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHAHZAD SHAHNAWAZ, an individual; OVE LUNDBERG, an individual; CERTIFICATION TRENDZ, LTD., a foreign corporation; and JOHN DOES 4-20, d/b/a "Testking",<br><br>                    Defendants. | No. 2:06-cv-01116-JLR<br><br>MICROSOFT CORPORATION'S MOTION FOR PROTECTIVE ORDER<br><br>Note on Motion Calendar:<br>March 11, 2011 |

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

# I. INTRODUCTION

Microsoft requests that this Court enter a protective order to govern the pre-trial use and disclosure of trade secrets and other confidential information and documents exchanged in discovery.  Defendants Shahzad Shahnawaz and Certification Trendz, LTD (collectively, the "TestKing Defendants") deny the need for any such order.  This may not be surprising given the evidence of their repeated infringement of Microsoft's copyrights in its Certification Exams.  But Microsoft's trade secrets and other confidential information exchanged in discovery should not be disclosed absent restrictions on the TestKing Defendants' use and subsequent disclosure of those materials.  *See* Fed. R. Civ. P. 26(c)(1)(G) (court may "for good cause" make any appropriate order including an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").  The protective order Microsoft requests that this Court enter will permit the TestKing Defendants to access confidential Microsoft materials, and will permit all parties fairly to prepare for the contempt trial in this matter.  As multiple courts have recognized in similar circumstances, entry of a protective order restricting the pre-trial use and distribution of trade secrets and other confidential information is appropriate here.

# II. FACTS

**A.    Microsoft Certification Programs and Exams**

Microsoft is the creator, developer, author, and sole owner of numerous copyrighted materials used to certify the competency of individuals engaged in various fields of the Information Technology ("IT") industry (hereinafter, the "Certification Programs").  *See* Declaration of Mariona Thoma in Support of Microsoft's Motion to Show Cause ("Thoma Decl.") (Dkt. No. 48) ¶ 5.[1]  The purpose of Microsoft's Certification Programs are: (1) to

---

[1] In addition to the contemporaneously filed declarations of Scott Wilsdon and John Jamnback, in this motion Microsoft cites the declarations of Mariona Thoma (Dkt. No. 48) and Sandi Resnick (Dkt. No. 47) that were

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 1

YARMUTH  WILSDON  CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

set an industry-wide, worldwide recognized standard for basic competency levels in various fields of the IT industry; (2) to maximize efficiency in recruiting, hiring, training, and promoting employees; (3) to help fill the needs of today's IT workforce by providing individuals with skills in demand; and (4) to provide industry educators with the standards necessary to prepare individuals to meet the job skills of today. *Id.*

To become certified under any of Microsoft's various Certification Programs, a candidate must pass the required Certification Exam(s). *Id.* ¶ 6. Microsoft publishes Certification Exams with respect to multiple Certification Programs. *Id.* All of the exams relating to these Certification Programs are protected under United States copyright law. *Id.* ¶ 20. Each Certification Exam is an original work of authorship fixed in a tangible medium of expression by Microsoft.

Microsoft uses a variety of means to protect its proprietary, copyright, and other rights in its Certification Exams. *Id.* ¶ 7. For example, Microsoft protects its Certification Exams by requiring certified professionals to enter non-disclosure agreements. *Id.*; *see also* First Amended Complaint (Dkt. No. 6) ¶ 15 & Ex. 1. Individuals who pass the necessary Certification Exams are eligible to designate themselves as Microsoft Certified Professionals ("MCPs"). First Amended Complaint ¶ 15 & Ex. 1. Before an individual may use the MCP designation, he or she must agree to the Microsoft Certified Professional Program Agreement, which identifies the Certification Exams as Microsoft's trade secrets and prohibits, among other things, unauthorized disclosure or distribution of Certification Exam materials. *Id.*

Microsoft further protects its Certification Exams by registering its copyrights therein with the United States Copyright Office utilizing a secure filing procedure in

---

submitted in support of its Motion to Show Cause (Dkt. No. 46). Microsoft will not re-file those declarations with this motion, but will provide chambers copies of them, along with the newly filed materials, for ease of reference.

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 2

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  compliance with the Copyright Act, 17 U.S.C. § 101, *et seq*., and Copyright Office

2  regulations.

3  **B.     Defendants' Infringement and Procedural History of This Matter**

4          As set forth in detail in Microsoft's Motion to Show Cause, the TestKing

5  Defendants own and operate websites that Microsoft alleges are directly involved in the

6  unlawful copying and distribution of Microsoft's Certification Exams.  Through these

7  websites, the most prominent and well-known of which is www.testking.com, the TestKing

8  Defendants offer for sale "training materials" designed to prepare certification candidates to

9  successfully pass Microsoft Certification Exams.  Thoma Decl. ¶ 10.

10         Microsoft originally sued the defendants in this Court in August 2006, seeking

11  recovery for violations of, among other things, the Copyright Act, 17 U.S.C. § 101, *et seq*.,

12  as a result of the Testking Defendants' unlawful copying and distribution (as "study

13  guides") of copyrighted material appearing on Microsoft's Certification Exams, which had

14  been misappropriated from unknown sources.  *Id.* ¶¶ 11-19; Resnick Decl. ¶ 5.

15         The parties settled the case prior to trial.  This Court entered an order granting

16  Microsoft a permanent injunction enjoining the TestKing Defendants, and others working

17  for or associated with them, from infringing Microsoft's copyrights and trademarks,

18  including unambiguously prohibiting the TestKing Defendants from engaging in the

19  unauthorized copying and distribution of Microsoft's copyrighted Certification Exam

20  questions and answers.  *See* Stipulated Permanent Injunction (Dkt. No. 42).  Since the

21  effective date of  the Permanent Injunction, the TestKing Defendants continued to engage

22  in the unauthorized copying and distribution of Microsoft's Certification Exam questions

23  and answers.  *See generally* Motion for Order to Show Cause at 6-8, 10-11; Resnick Decl. ¶

24  5; Thoma Decl. ¶ 11-19.

25         On October 29, 2010, Microsoft moved for an order to show cause why an order of

26  civil contempt should not be entered against the TestKing Defendants.  This Court granted

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 3

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    that motion on January 3, 2010.  Dkt. No. 62.  On February 17, 2011, the Court entered a

2    scheduling order setting this matter for civil contempt trial on July 18, 2011.

3    **C.    Efforts to Submit Agreed Protective Order**

4            Starting when the Court granted Microsoft's motion for order to show cause,

5    Microsoft has discussed with the TestKing Defendants the need for a protective order in

6    this matter.  Shortly after that time the TestKing Defendants issued discovery requests that

7    call for highly sensitive information and documents from Microsoft.

8            Days after the Court granted Microsoft's motion for order to show cause, counsel

9    for Microsoft sent counsel for the TestKing Defendants emails regarding entry of a

10   protective order and sample protective orders from other cases.  Declaration of Scott T.

11   Wilsdon in Support of Motion for Protective Order ("Wilsdon Decl.") ¶ 1.  As early as

12   January 10, 2011, *counsel for the TestKing Defendants* requested that Microsoft's counsel

13   give him possible protective orders in Word format.  *Id.* & Ex. 1.  Counsel for Microsoft

14   sent a proposed protective order, in Word format, to the TestKing Defendants' counsel on

15   January 13, 2011.  *Id.* ¶ 2 & Ex. 2.  The terms of that proposed protective order are the same

16   as those in the order Microsoft asks the Court to enter by this motion.

17           Despite more than one email from Microsoft's counsel requesting that the parties

18   discuss the terms of the protective order, counsel for the TestKing Defendants did not

19   address the proposed order Microsoft had circulated on January 13 until February 1, when

20   TestKing's counsel informed Microsoft's counsel that TestKing did not want a protective

21   order entered in this matter.  *Id.* ¶¶ 3-8 & Exs. 2-5.

22           After receiving the TestKing Defendants' discovery requests, which sought highly

23   confidential documents and information from Microsoft, on February 11 and 14, 2011,

24   counsel for Microsoft and counsel for the TestKing Defendants conferred regarding a

25   protective order.  Declaration of John Jamnback in Support of Motion for Protective Order

26   ("Jamnback Decl.") ¶ 1 & Ex. 1.  The parties were not able to agree on the terms of a

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 4

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   protective order to govern pre-trial use and disclosure of information and documents.  *Id.*

2   Indeed, according to the TestKing Defendants' counsel, "Certification Trendz does not

3   agree that a protective order is needed."[2]  *Id.* Ex. 1.

4   **D.      Defendants' Discovery Requests**

5           On January 25, 2011, while Microsoft was waiting for the TestKing Defendants to

6   respond to Microsoft's protective order proposal circulated nearly two weeks earlier, the

7   TestKing Defendants served interrogatories, requests for production, and requests for

8   admissions on Microsoft.  *Id.* ¶ 3.  Microsoft responded to those requests on February 28,

9   2011.  *Id.* & Ex. 2.  The TestKing Defendants' discovery requests seek highly confidential

10  information and documents that derive economic value from not being generally known to

11  the public and that Microsoft takes reasonable steps to keep confidential, including but not

12  limited to actual Microsoft Certification Exams.  For example, the TestKing Defendants

13  request:

14          11.     A copy of the "Microsft actual MB2-632 exam" as referenced in
        Docket No. 46, Microsoft's Motion for Order to Show Cause at page 6.
15
            18.     A copy of the "Microsoft's actual, copyrighted 70-622 exam,"
16      "Microsoft's actual, copyrighted 70-443 exam," "Microsoft's actual,
        copyrighted 70-431 exam," "Microsoft's actual, copyrighted 70-620 exam"
17      used to compare against the purported Testking 70-622, 70-443, 70-431, and
        70-620 products, respectively, as referenced in Docket No. 46, Microsoft's
18      Motion for Order to Show Cause at pages 6-7.

19  _____

20  [2] The reason for the TestKing Defendants' about face is unclear, particularly given that three months earlier
    counsel for the TestKing Defendants wrote to counsel for Microsoft stating, "The parties previously have been
    able to stipulate to disclosure of Microsoft exams on a basis that both allows Certification Trendz to address
21  Microsoft's allegations and also preserves the confidentiality of Microsoft's materials.  *We trust we can do
    that again here.*"  Defendants' Response to Microsoft's Motion for Order to Show Cause (Dkt. No. 55) at 10
22  & Ex. F (emphasis added).  The reason for the change in position is not (as the TestKing Defendants are likely
    to contend) the Court's comments at the January 3 hearing regarding use of confidential materials at trial.
23  Those comments were directed at the use of materials exchanged in discovery *at trial*.  The Court did not
    address whether all discovery in this matter could be used for any purpose or freely re-distributed according to
24  the receiving party's wishes.  Moreover, the TestKing Defendants expressed a willingness to enter an agreed
    protective order well after the January 3 hearing.  The TestKing Defendants now apparently deny that
25  Microsoft has any legitimate interest in preserving the confidentiality of its Certification Exams and other
    confidential materials.  As explained below, unfettered disclosure of those exams and other materials would
26  allow the TestKing Defendants (and others interested in inappropriately copying Microsoft's exams) to freely
    distribute those confidential materials.

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 5

III
YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

25.    A copy of each of the "Microsoft's actual, copyrighted 70-290 exam," "Microsoft's actual, copyrighted 70-291 exam," "Microsoft's actual, copyrighted 70-294 exam," "Microsoft's actual, copyrighted 70-293 exam," "Microsoft's actual, copyrighted 70-270 exam," "Microsoft's actual, copyrighted 70-236 exam," and "Microsoft's actual, copyrighted 70-431 exam," used to compare against the purported Testking 70-290, 70-291, 70-294, 70-293, 70-270, 70-236, and 70-431 products, respectively, as referenced in Docket No. 46, Microsoft's Motion for Order to Show Cause at pages 7-8.

32.    A copy of each of the "Microsoft's actual, copyrighted 70-528 exam," used to compare against the purported Testking 70-528 product, as referenced in Docket No. 46, Microsoft's Motion for Order to Show Cause at page 8.

39.    A copy of each of the "Microsoft's actual, copyrighted 70-620 exam," used to compare against the purported Testking 70-620 product, as referenced in Docket No. 46, Microsoft's Motion for Order to Show Cause at page 8.

Jamnback Decl. Ex. 2.  As explained in Ms. Thoma's declaration and alleged in Microsoft's

First Amended Complaint, those and other Microsoft Certification Exams are protected

from general disclosure to the public by various means.  *See* Thoma Decl. ¶ 7; First

Amended Complaint ¶ 15 & Ex. 1.

Despite their requests for copies of these materials (the illegal copying of which is

the subject of this litigation), the TestKing Defendants have refused to enter an order that

would restrict the use and public disclosure of these and other materials that Microsoft

believes should be entitled to protection.  Jamnback Decl. ¶ 1 & Ex. 1; Wilsdon Decl. ¶ 8.

**E.    The Proposed Protective Order**

Microsoft's Proposed Protective Order contains typical terms.  The proposed order

provides a procedure for designating information as "confidential" if it is information that

has not been made public, the disclosure of which the designating party reasonably and in

good faith contends could cause harm to its business operations, including trade secrets and

private information (such as personnel records).  *See* Proposed Protective Order ¶ 3(b).  The

Proposed Protective Order also contains a higher level of protection – "highly confidential"

– for information that, in addition to meeting the requirements for a "confidential"

YARMUTH  WILSDON  CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

designation, relates to technical, commercial, financial, or marketing matters that the disclosing party reasonably and in good faith beliefs is so highly sensitive that disclosure to an employee of a receiving party would reveal significant business or financial secrets of the disclosing party. *Id.* ¶ 3(e). "Highly confidential" material may be disclosed only to counsel, court reporters, the Court (and its personnel) and independent consultants and experts. *Id.* ¶ 14. "Confidential" material may additionally be disclosed to certain employees of the parties who have a need to know the information to assist counsel in connection with this litigation. *Id.* ¶ 13. The Proposed Protective Order also sets forth particular procedures for inspection of the exams that are at issue in this litigation. *Id.* ¶ 8.

The Proposed Protective Order provides that if a party disagrees with another party's designation of information as "confidential" or "highly confidential" it may challenge the designating party's designation and, if after conferring, the parties cannot agree on the issue, the matter will be resolved by the Court with the designating party bearing the burden of proving the information deserves protection. *Id.* ¶ 12. Additionally, the Proposed Protective Order requires compliance with Local CR 5(g) if any party wishes to file designated material under seal, including the provision of evidence that justifies the sealing of the material. *Id.* ¶ 20.

### III. DISCUSSION

**A.    Fed. R. Civ. P. 26(c) Authorizes the Court to Enter a Protective Order Preventing the Public Disclosure of Materials Obtained Through Discovery**

Microsoft requests that the Court enter a protective order protecting the confidentiality of certain documents and information provided during the course of the civil discovery process. Rule 26(c) gives district courts substantial discretion to grant protective orders to protect the confidentiality of a variety of types of information. As explained by the Ninth Circuit in *Phillips v. General Motors Corporation*:

> The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 7

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1
2
3
4
5
6
7
8

commercial information. *See* Fed. R. Civ. P. 26(c)(7).  Rule 26(c) authorizes the district court to issue "*any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed.2d 17 (1984).  The Court continued, by noting that the "trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the *trial court have substantial latitude to fashion protective orders*." *Id.* (emphasis added); *see also* 8 Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil § 2036, at 489 (2d ed. 1994) ("Thus, a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").

9

307 F.3d 1206, 1211-12 (9th Cir. 2002) (emphases in original).

10

**B.      There is Good Cause to Enter the Protective Order Requested by Microsoft.**

11
12
13
14
15
16
17
18
19
20
21
22
23
24

Although there is a presumption of public access to court-filed records, particularly when those records are filed in connection with dispositive motions, that presumption is overcome when sufficient reasons are present, such as when public access would result in the release of trade secrets.  *See, e.g.*, *Kamakana v. v. City & County of Honolulu*, 447 F.3d 1172, 1179 ("compelling reasons," such as the "release of trade secrets," must be shown to seal judicial records attached to a dispositive motion, while "good cause" is sufficient to support sealing discovery material attached to non-dispositive motions).  Microsoft believes that certain of the information to which the TestKing Defendants seek access will meet one or more of these standards. ***But by this motion Microsoft does not yet ask this Court to make such a determination.***  Rather, Microsoft seeks the ability to proceed with discovery without fear that confidential and other trade secret information provided to the TestKing Defendants will be freely publicly disseminated absent the opportunity for Microsoft to seek Court approval to maintain the confidentiality and non-public nature of that information.

25
26

Pretrial discovery that is simply exchanged between the parties is not a public component of a civil trial.  *See, e.g.*, *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984)

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 8

("[P]retrial depositions and interrogatories are not public components of a civil trial.  Such proceedings were not open to the public at common law, . . . , and, in general, they are conducted in private as a matter of modern practice. . . . [R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").  However, absent an order to the contrary, a party receiving information in discovery may distribute it freely, irrespective of whether that information is a trade secret of the disclosing party or otherwise confidential.  *See, e.g.*, Hon. William W. Schwartzer, Hon. A. Wallace Tashima, and James M. Wagstaffe, *Federal Civil Procedure Before Trial* (2010 Rutter Group) § 11:1130 ("Without a protective order . . . either party is free to disseminate the information obtained."); Laura Dore, Ronald J. Hedges, Kenneth J. Withers, *Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases*, *The Sedona Guidelines*, at 5, http://www.tehsedonaconference.org (March 2007) ("[A] party is not prohibited from voluntarily disclosing any information received during discovery unless the party has agreed otherwise or unless the court, upon a showing of good cause, enters a protective order pursuant to Fed. R. Civ. P. 26(c)"); *cf Seattle Times*, 467 U.S. at 32 ("[I]n all civil litigation, [parties] gain[] the information they wish to disseminate only by virtue of the trial court's discovery processes[, which] are a matter of legislative grace.").

A protective order should be granted whenever the moving party establishes "good cause" and the order is required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  The party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted.  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  *Id.* at 1211.

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 9

YARMUTH WILSON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    Microsoft has good cause for a protective order here.  The TestKing Defendants'

2    discovery requests call for trade secrets and other confidential Microsoft materials,

3    including but not limited to the Certification Exams Microsoft keeps secret and discloses to

4    third parties (test takers) only under conditions that preserve the confidentiality of those

5    exams.  *See, e.g.*, Jamnback Decl. (Request for Production Responses at 11, 18, 25, 32, 39).

6    The contempt proceeding and related complaint allege that the TestKing Defendants obtain

7    Microsoft's highly confidential copyrighted Certification Exams, copy the contents, and sell

8    them as "practice exams" and "study materials."  If Microsoft is required to produce its

9    Certification Exams (and other confidential information) as requested in the TestKing

10   Defendants' discovery requests without a protective order, the confidential materials will be

11   effectively released into the public domain.  This uncontrolled dissemination of the

12   Certification Exam content is precisely the harm that Microsoft has sought to protect

13   against when starting this litigation five years ago and initiating the contempt proceeding

14   last October.  The harm to Microsoft if these materials are publicly released would be great.

15   At this stage there is no corresponding public interest weighing against restrictions

16   on disclosure, because as of yet there is no need to file the materials Microsoft will

17   designate as "confidential" or "highly confidential."  *See Kamakana*, 447 F.3d at 1179.  The

18   Proposed Protective Order contains multiple provisions to ensure that public interest (and

19   any private interest of the TestKing Defendants) is appropriately considered.  As a

20   threshold matter, if the TestKing Defendants disagree with any designation Microsoft

21   makes, they may challenge that designation and Microsoft will ultimately have the burden

22   of establishing that the designation is appropriate.  Proposed Protective Order ¶ 12.

23   Moreover, the Proposed Protective Order does *not* constitute a pre-judgment by the Court

24   that certain materials to be produced in discovery are actually entitled to protection and

25   need to be filed under seal.  If a party desires to file a designated document under seal, the

26   designating party will have to show, pursuant to Local CR 5(g) and governing Ninth Circuit

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 10

YARMUTH  WILSON  CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  law, that keeping that document under seal is warranted, including providing facts

2  justifying the sealing of the material.  *Id.* ¶ 20.

3       The Proposed Protective Order prevents the type of abuse of the civil discovery

4  process that is threatened here – *i.e.*, the dissemination of information gained through civil

5  discovery outside the context of the litigation – while maintaining the parties' interests in

6  using information disclosed in this litigation and the public's interest in court-filed

7  materials.  *See Seattle Times*, 467 U.S. at 35 (noting that civil discovery rules provide

8  "opportunity . . . for litigants to obtain – incidentally or purposefully – information that not

9  only is irrelevant but if publicly released could be damaging to reputation and privacy");

10  *Dunn v. Warhol*, Civ. A. No. 91-4169, 1992 WL 102744, at *1 (E.D. Pa. May 8, 1992)

11  (rejecting defendant's argument that defendant has right to disseminate highly sensitive

12  personal information to the press and public and granting protective order).

13       The most efficient method of achieving the appropriate balance between private and

14  public interests suggested by the federal procedural rules is entry of a protective order that

15  places upon the parties the burden of determining what sensitive information should be

16  designated as confidential (and, if needed due to court filing, the burden of ultimately

17  establishing that the material should be protected from public disclosure).  This kind of

18  order is regularly used by courts and "alleviat[es] the need for and delay occasioned by

19  extensive and repeated judicial intervention." *Keith H. v. Long Beach Unified School Dist.*,

20  228 F.R.D. 652, 660 (C.D. Cal. 2005) (quoting *Empire Blue Cross & Blue Shield v/ Janet*

21  *Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995)); *see also Manual for*

22  *Complex Litigation* § 11.432, at 64 (4th ed. 2004) ("When the volume of potentially

23  protected materials is large, an umbrella order will expedite production, reduce costs, and

24  avoid the burden on the court of document-by-document adjudication.").

25       The protective order proposed by Microsoft – which affords the parties the

26  opportunity to mark trade secrets and other confidential information disclosed through

YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    discovery as "confidential" or "highly confidential" and which prohibits the parties from

2    using that information outside this litigation – will protect the parties from the harm of

3    public disclosure of sensitive material, while preserving their (and the public's) appropriate

4    interests in the materials.

## IV. CONCLUSION

6         The protective order Microsoft requests that this Court enter provides a process for

7    the parties to designate information and documents they believe in good faith to be worthy

8    of protection from unlimited and unregulated use and disclosure.  If a party disagrees with

9    another party's designation of information or documents as confidential, it may challenge

10   that designation and place the burden on the designating party to show that the information

11   is worthy of protection.  Entry of the Proposed Protective Order will allow the parties to

12   proceed fairly, while preventing unwarranted pre-trial disclosure of trade secrets and other

13   confidential information.  The Court should enter the Proposed Protective Order.

15   DATED: March 3, 2011.

16                                    **YARMUTH WILSDON CALFO PLLC**

17                                    By /s/ *John H. Jamnback*
                                      Scott T. Wilsdon, WSBA No. 20608
18                                    John H. Jamnback, WSBA No. 29872
19                                    Jeremy E. Roller, WSBA No. 32021
                                      818 Stewart Street, Suite 1400
20                                    Seattle, WA 98101
                                      Phone: 206.516.3800
21                                    Fax: 206.516.3888
22                                    Email: wilsdon@yarmuth.com
                                              jjamnback@yarmuth.com
23                                            jroller@yarmuth.com

24                                    Attorneys for Plaintiff Microsoft Corporation

25

26

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 12

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this date, I electronically filed the foregoing document with

3  the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to:

5

6  Robert A. Auchter, Esq.
   Brandon M. Jordan, Esq.
7  McKool Smith
   1700 K Street NW, Suite 740
8  Washington, DC 20006
   rauchter@McKoolSmith.com
9  bjordan@mckoolsmith.com

10
   Jessica Goldman
11 Summit Law Group, LLC
   315 Fifth Ave South, Suite 1000
12 Seattle, WA 98104-6282
   jessicag@summitlaw.com
13

14
15          I declare under penalty of perjury under the laws of the State of Washington that the

16 foregoing is true and correct.

17          Dated this 3rd day of March, 2011 at Seattle, Washington.

18
                                        _Colette Saunders_
19                                      Colette Saunders

20                                      Legal Assistant

21

22

23

24

25

26

MICROSOFT'S MOTION FOR PROTECTIVE ORDER
No. 2:06-cv-01116-JLR – Page 13



YARMUTH WILSDON CALFO

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888